# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK A. LAKE,
> Appellant,

v.

DEPARTMENT OF AGRICULTURE,
> Agency.

DOCKET NUMBER
CH-1221-14-0645-W-1

DATE: April 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patrick A. Lake, Omro, Wisconsin, pro se.

Shelli Moore, Huron, South Dakota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.[2] Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] The first page of the initial decision states that the administrative judge denied the appellant's request for corrective action. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 1. The case, however, turned on her findings regarding the Board's jurisdiction. *See* ID at 4-13.

as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant alleged that the agency improperly disqualified him from consideration for two vacancies; reassigned him from the GS-0457 series to the GS-0343 series; and retaliated against him for whistleblowing and for filing a grievance. IAF, Tab 1 at 2, 5. He also asserted an employment practices claim. *Id.* at 5. He is at present a Soil Conservationist, GS-0457-09, with the Natural Resources Conservation Service in Oshkosh, Wisconsin. IAF, Tab 11 at 16. Because he did not request a hearing, the administrative judge adjudicated the appeal on the written record and dismissed it for lack of jurisdiction. IAF, Tab 1 at 1;ID at 13.

¶3 The agency selected the appellant for a position in the GS-0457 Soil Conservation series in 2003. IAF, Tab 11 at 12. In 2010, he applied for the position of District Conservationist, GS-0457-11, in Fond du Lac, Wisconsin. *Id.* The agency found him ineligible for the position because he did not meet the educational requirements. *Id.* The agency found he had completed only six of the twelve semester hours in the study of soils, crops or plant science

required for the position.[3] *Id.* He was also not selected for another District Conservationist vacancy during the same time period. IAF, Tab 1 at 13. The appellant grieved the finding that he was ineligible for consideration, asking the agency to recognize his current level of education, experience, and qualifications as meeting the basic requirements for the GS-0457 series. *See* IAF, Tab 7 at 14. The Wisconsin State Conservationist denied his grievance and offered to pay for coursework that would allow him to qualify for the series if he did so within 1 year. *Id.* at 14-15.

¶4 The appellant, however, did not enroll in the courses. IAF, Tab 11 at 12. Effective July 3, 2011, the agency reassigned him from his position in the GS-0457 series to a Program Analyst, GS-0343-09, position. *Id.* at 12, 20. He was also geographically reassigned to Appleton, Wisconsin, a few weeks later. *Id.* at 19.

¶5 In early 2012, the appellant submitted letters to the agency from two of his former college professors stating that the geography and geology classes he had completed in 1991 and 1992, respectively, included content on the physical, chemical, and biological properties of soil. *See* IAF, Tab 7, Subtab 6 at 4, Tab 11 at 12. The agency thus reconsidered its assessment and determined he met the educational requirements for the GS-0457 series, and reassigned him to a Soil Conservationist, GS-0457-09, position in Appleton, Wisconsin, effective February 26, 2012. IAF, Tab 6 at 9, Tab 11 at 18.

---

[3] An individual can meet the qualifications for positions in the GS-0457 series with a degree in soil conservation or a related discipline, or with a combination of education and experience. Both methods of satisfying the requirement must include twelve semester hours in a combination of soils and crops or plant science. Of the twelve semester hours, a minimum of three semester hours must have been in the study of soils and three semester hours in the study of crops or plant science. *See* OPM Qualification Standards, Soil Conservation Series–0457, *http://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/0400/soil-conservation-series-0457/* (last visited Feb. 12, 2015).

¶6    The Chief of the Service issued a final decision regarding the appellant's grievance on April 30, 2014.  IAF, Tab 11 at 12-14.  The Chief stated that the appellant had already received the relief he sought, namely to be returned to a position in the GS-0457 series, and he noted that the appellant had been given a written explanation of the agency's action regarding its review of his position and the legitimate business reasons for reassigning him to the Appleton, Wisconsin office, as he had requested.  *Id.* at 13.  The Chief also afforded the appellant 1 year of priority consideration for any open merit promotion vacancy announcement in the Service at the same series, grade, promotion potential, and same geographic location as the District Conservationist, GS-0457-11 position for which he was found ineligible in 2010; rescission of all Standard Form 50s reflecting his occupational series as GS-0343; and information relating to the equal employment opportunity process for any potential discrimination or retaliation claim he might bring.  *Id.* at 13-14.

¶7    The administrative judge found that the Board lacked jurisdiction over the appellant's claim that the agency improperly failed to consider him for the two vacancies.  ID at 4-5.  The administrative judge also found that the appellant failed to show that the Board had jurisdiction over the matter as an employment practices appeal.  ID at 5-9.  The administrative judge further found that the Board lacked jurisdiction over the matter as an individual right of action (IRA) appeal and over any claim of reprisal brought under 5 U.S.C. § 2302(b)(9).  ID at 10-13.  The administrative judge thus dismissed the appeal for lack of jurisdiction.  ID at 13.  Because she dismissed the appeal based on jurisdiction, she declined to make a finding as to whether it was timely filed.[4]  ID at 10.

---

[4] The agency argued that the appeal was untimely filed without good cause shown for the delay in filing.  IAF, Tab 8 at 12.  The appeal was filed on June 24, 2014, well beyond the filing period for any agency decision that might underlie an appeal.  IAF, Tab 1 at 1; *see* 5 C.F.R. § 1201.22(b).  The final determination letter from the Office of Special Counsel was dated August 30, 2011, and that the appellant was reassigned to a

¶8    On review, the appellant alleges that the appeal "was premeditated for dismissal," as well as wrongly decided based on "false jurisdictional presumptions." Petition for Review (PFR) File, Tab 1 at 1. He also argues that the administrative judge sought to dismiss his appeal as untimely by considering it to be an IRA appeal rather than an employment practices appeal, even though he had clearly stated that he was appealing an employment practice pursuant to 5 C.F.R. Part 300. PFR File, Tab 1 at 1.

¶9    Regarding the employment practices claim, the appellant asserts that the agency failed to follow the designated examining unit procedures of the Office of Personnel Management (OPM) when it found him unqualified for the GS-0457 series and transferred him to the GS-0343 series. *Id.* at 3. He explains that he considers the agency's reevaluation of his qualifications following his Fond du Lac nonselection as the basis for his claim, rather than the nonselection itself. *Id.* He argues that the administrative judge failed to recognize that there was no rational or relevant relationship between his demonstrated performance in a position in the GS-0457 series and the employment practice of disqualifying him based on educational qualifications alone. *Id.* at 3-4; *see* 5 C.F.R. § 300.103(b)(1) ("There shall be a rational relationship between performance in the position to be filled . . . and the employment practice used."). He further asserts that the agency should have considered his 7 years of successful work experience in the GS-0457 series in lieu of any educational credentials perceived to be missing. PFR File, Tab at 3.

¶10    The administrative judge, however, properly dismissed the appeal. Although the appeal form mentions whistleblowing, the appellant explained during the proceedings below that he was not pursuing an IRA appeal.[5] *See* IAF,

---

position in the GS-0457 series effective February 26, 2012. IAF, Tab 1 at 24, Tab 11 at 18. The final decision for his grievance was issued April 30, 2014. IAF, Tab 11 at 12.

[5] The appellant's correspondence from the Office of Special Counsel pertains to a complaint he had filed under sections 2302(b)(2) and (b)(9). *See* IAF, Tab 1 at 21-24.

Tab 1 at 2, Tab 7 at 5. The appellant's assertion that the administrative judge sought to "trick" him into focusing his appeal on whistleblower retaliation so that it could be dismissed as untimely is negated by the fact that the administrative judge carefully considered multiple jurisdictional theories and rendered a decision based on lack of jurisdiction.

¶11      As for the appellant's assertion that he established the Board's jurisdiction over an employment practices appeal, PFR File, Tab 1 at 3, such an appeal must concern an employment practice that OPM is involved in administering, and the employment practice in question must have violated one of the basic requirements set forth in 5 C.F.R. § 300.103, *see Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 10 (2007); 5 C.F.R. § 300.104(a). The appellant, who bore the burden of proof, *see* 5 C.F.R. § 1201.56(a)(2)(i), failed to set forth nonfrivolous allegations that the educational requirement is not rationally related to performance in a position in the GS-0457 occupational series, *see* 5 C.F.R. § 300.103(b). Instead, his pleadings have continued to stress the agency's alleged improper failure to substitute job experience for educational requirements when it did not select him for two GS-0457 vacancies during 2010. *See, e.g.*, PFR File, Tab 1 at 1-2. Although an agency's misapplication of a valid OPM requirement under 5 C.F.R. Part 300 may constitute an appealable employment practice, its alleged failure to consider all education and experience that the appellant deems relevant does not bring a nonselection appeal within the Board's jurisdiction. *See Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table). In any event, the agency corrected any error it might have made when it considered information that the appellant submitted regarding his academic training and reversed its earlier finding that he did not meet the educational requirements for positions in the GS-0457 series. *See* IAF, Tab 11 at 12. The appellant was transferred back into a position in the GS-0457 series, and he obtained additional relief, including rescission of certain documents in his Official Personnel Folder and priority consideration for merit promotion to

District Conservationist, GS-0457-11. *Id.* at 12-13. Accordingly, we affirm the administrative judge's finding regarding the Board's jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Boardneither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.